GROSS, J.
Petitioner is a juvenile whose father and step-mother filed a petition against her for involuntary treatment for substance abuse pursuant to section 397.695, Florida Statutes (1999).[1] The circuit court granted the petition and ordered treatment for sixty-days, the maximum period permitted under section 397.697. The order provided that the sixty-day period would commence upon her admission to CARP, Inc. (CARP).[2] Petitioner was admitted to CARP on February 4, 2000.
However, petitioner ran away prior to commencing any treatment. She was returned to CARP on April 4, 2000. Petitioner represents that she was returned to CARP pursuant to a court order issued on April 5. Both dates are after April 3, when the treatment order expired by its own terms.
Section 397.6975 provides for the filing of a petition for renewal of the involuntary treatment order, on which the court is required to hold a hearing, and if it finds the petition should be granted, it may order involuntary treatment for an additional ninety days; additional renewals may also be requested. CARP does not dispute petitioner’s representation that no such petition for renewal was ever filed in her case. Petitioner’s father and step-mother, who also are named as respondents in this case, have filed no response to this court’s order to show cause, either to refute the representation or to explain to this court why no such petition was filed.
Petitioner argues that she is entitled to immediate release pursuant to section 397.6977, Florida Statutes (1999), which provides that “[a]t the conclusion of the 60-day period of court-ordered involuntary treatment, the client is automatically discharged unless a motion for renewal of the involuntary treatment order has been filed with the court pursuant to s. 397.6975.”
We do not read the statute as narrowly as petitioner. The statute contemplates that there will be sixty-days of treatment Section 397.697(1), Florida Statutes (1999), authorizes the court to order a person “to undergo involuntary treatment by a licensed service provider for a period not to exceed 60 days.” Section 397.6977 provides for an automatic discharge at the “conclusion of the 60-day period of court-ordered involuntary treatment,” not merely sixty-days after the entry of the order for treatment. Reading these two sections together, we hold in this case that the sixty-day period contemplated by section 397.6977 did not expire, because the petitioner ran away before commencing treatment.
The petition for writ of habeas corpus is denied.
WARNER, C.J., and STEVENSON, J., concur.

. This provision falls within the "Hal S. Marchman Alcohol and Other Drug Services Act of 1993.” See § 397.301, Fla. Stat. (1999).

. "CARP” apparently refers to the Comprehensive Alcoholism Rehabilitation Programs, Inc.